IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, DIVISION

| | |
|---|---|
| PRO STAR LOGISTICS INC., a Utah Corporation,<br><br>Plaintiff,<br>v.<br><br>AN ENTERPRISE, an Illinois Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ENTERING DEFAULT JUDGMENT<br><br><br>Case No. 2:17-CV-491-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Pro Star Logistics' ("Plaintiff") Motion for Entry of Default pursuant to Rule 55(a). For the reasons stated below, the Court will enter default judgment.

## I. BACKGROUND

Plaintiff filed this action against Defendant AN Enterprise ("Defendant") for breach of contract in the Third Judicial District Court of Utah. On May 31, 2017, Defendant removed the action to this United States District Court. Defendant subsequently filed a motion to dismiss for improper venue or for change of venue. The Court denied the motion on November 28, 2017.

On January 9, 2018, Defendant's counsel filed a motion to withdraw as counsel. The Court granted the motion on January 11, 2018, and ordered "that AN Enterprise or its new counsel must file a Notice of Appearance within twenty-one (21) days after entry of this Order."[1] The January 11 Order further stated that Defendant's failure to file a Notice of Substitution of Counsel or Notice of Appearance as instructed, may result in an issuance of sanctions "pursuant

---

[1] Docket No. 22, at 2.

to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[2]

Defendant failed to comply with the Court's Order and the time for doing so has long since expired. On March 9, 2018, Plaintiff filed the Motion now before the Court for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure on the basis that Defendant failed to "[a]nswer the Complaint or otherwise appear in this case."[3] Defendant failed to respond to the Motion and the time for doing so has expired.

## II. DISCUSSION

Rule 55(a) of Federal Rules of Civil Procedure provides that default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." However, Defendant has defended the judgment in filing its motion to dismiss and otherwise participating in the earlier stages of the litigation proceedings. The Court therefore declines to grant default under Rule 55(a). However, as referenced in the Court's January 11 Order, default judgment may be entered as a sanction against Defendant for its failure to comply with the Court's orders.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) allows for the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

---

[2] *Id.*

[3] Docket No. 23, at 2.

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[4]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[5] When determining if default judgment is the proper sanction, the Court considers the following factors: "(1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [default] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[6]

Considering these factors, the Court finds entering default judgment is appropriate. First, there is a high degree of prejudice to Plaintiff. Plaintiff has been unable to go forward in seeking redress for its alleged injuries because of Defendant's failure to comply with the Court's Order or otherwise participate in the ongoing litigation. Second, the Court finds Defendant has interfered with the judicial process by its refusal to comply with the Court's Order. It is impossible for the case to move forward when a party refuses to participate in the litigation proceedings. Third, the Court finds Defendant to be highly culpable. Defendant had ample time to find counsel or otherwise respond to the January 11 Order, but has failed to do so. Such conduct demonstrates its indifference to the outcome of the proceedings. Fourth, the Court warned Defendant that its refusal to comply with the January 11 Order could result in sanctions, including default judgment. Finally, the Court finds that a sanction less than a sanction resulting

---

[4] Fed. R. Civ. P. 37(b)(2)(A).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[6] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted).

in default will not be effective based on Defendant's clear disinterest in further participating in these litigation proceedings. Because each of the factors to be considered weighs in favor of awarding default judgment in favor of Plaintiff, the Court will do so.

### III. CONCLUSION

It is therefore

ORDERED that default judgment is entered against Defendant AN Enterprise. Plaintiff is directed to file a memorandum with the Court supporting the amount of damages it seeks to recover from Defendant by April 25, 2018.

Dated this 11th day of April, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge