IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, DIVISION

| | |
|---|---|
| PRO STAR LOGISTICS INC., a Utah Corporation,<br><br>Plaintiff,<br>v.<br>AN ENTERPRISE, an Illinois Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:17-CV-491 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Didi Zagorska's request for a telephonic settlement conference. For the reasons stated below, the Court will deny the request, but will allow Defendant additional time to obtain counsel before a final judgment is entered.

## I. BACKGROUND

On January 9, 2018, Defendant's counsel filed a motion to withdraw as counsel. The Court granted the motion on January 11, 2018, and ordered "that AN Enterprise or its new counsel must file a Notice of Appearance within twenty-one (21) days after entry of this Order."[1] Defendant failed to comply with the Court's Order.

On March 9, 2018, Plaintiff filed a motion for entry of default. Defendant failed to respond to the motion in a timely manner. The Court entered default judgment pursuant to Rule 16(f) of the Federal Rules of Civil Procedure on April 11, 2018.

On April 17, 2018, the Court received an email from the President of AN Enterprise, Didi Zagorska. The email included a document wherein Mr. Zagorska alleges he never received a

---
[1] Docket No. 22, at 2.

copy of Plaintiff's motion for default and requests that the Court schedule the matter for a telephonic settlement conference. The Court lodged the document onto the record on April 18, 2018.

## II. DISCUSSION

It is well established "that a corporation must be represented by an attorney to appear in federal court."[2] The Court, therefore, cannot consider Mr. Zagorska's representations on behalf of Defendant AN Enterprise. Further, as a general rule, the Court cannot accept filings sent via email. The Court will, therefore, not schedule the matter for a telephonic settlement conference as requested by Mr. Zagorska.

The Court will, however, interpret Mr. Zagorska's letter as a request for additional time to find legal representation and will allow Defendant an additional 21 days from the date of this order to procure counsel. Defendant's counsel may then have 14 days from the date appearance is entered to move to set aside the default judgment. Failure to do so will result in a final entry of judgment in favor of Plaintiff.

## III. CONCLUSION

It is therefore

ORDERED that Defendant has twenty-one (21) days from the date of this Order to obtain counsel in this matter.

---

[2] *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (collecting cases).

Dated this 24th day of April, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge